IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| v. | : | No. 06-226-04 |
| LEVON ARAKELYAN, | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                          **APRIL 25, 2008**

Presently before this Court is Defendant Levon Arakelyan's ("Arakelyan") Motion to Dismiss the Indictment. This Court held oral argument on this Motion on April 18, 2008. For the following reasons, the Motion to Dismiss the Indictment is denied.

Additionally, three other evidentiary Motions filed by Arakelyan were argued before this Court on April 18, 2008, and were disposed of in open court at that time. This Memorandum sets forth the reasoning behind those decisions as well.

**I.      BACKGROUND**

This criminal action commenced on April 14, 2006, when the United States Attorney's Office ("Government") obtained arrest warrants for three people it alleged were in possession of methamphetamine obtained from sources in California and Nevada, which they intended to sell in the Philadelphia area. Two of the men arrested identified Arakelyan as their supplier. An indictment was issued on May 10, 2006, charging those same three individuals with Possession with Intent to Distribute Methamphetamine. The case was assigned to this Court. Arakelyan was not among those indicted.

On August 8, 2006, Arakelyan was indicted separately on a charge of Conspiracy to

Distribute 500 Grams or More of Methamphetamine. While that case was also brought before this Court, it was assigned to Judge Anita Brody. Shortly after the indictment was filed, the Government filed a Motion for Continuance on September 15, 2006, that stated its intention to file a superseding indictment in the action. Had a superseding indictment been filed, the case before Judge Brody would have been consolidated with the one pending before this Court. On December 28, 2006, Judge Brody issued a scheduling order in Arakelyan's action that set a trial date of April 16, 2007. A conference was held in chambers on April 11, 2007, during which the judge inquired about the Government's intention to withdrawal the indictment against Arakelyan in anticipation of a superseding indictment being returned the following week, the same week that Judge Brody had set aside for trial. After a discussion on the record, Judge Brody informed the parties that she would not allow the trial to be rescheduled, and the proceeding was to go forward as planned. On April 23, 2007, pre-trial motions were disposed of in open court, and a jury trial commenced. On May 3, 2007, a jury convicted Arakelyan on the charge of Conspiracy to Distribute 500 Grams or More of Methamphetamine.

  On August 1, 2007, the Government filed a superseding indictment in the case before this Court. That indictment alleged that numerous individuals, including Arakelyan, were involved in a criminal conspiracy that existed for the purposes of intentionally possessing and distributing multi-pound quantities of methamphetamine in the Philadelphia area. Many of these Defendants were charged with conspiracy and other substantive offenses. Arakelyan was not charged with conspiracy, as he had already been convicted, but he was charged with other substantive crimes. Chief among the charges are possession with intent to distribute, intentional distribution, aiding and abetting regarding both of the aforesaid crimes, and unlawful use of a communication

facility. The Government alleges that the facts show that Arakelyan purchased multi-pound quantities of methamphetamine from unknown persons in California and Nevada, and delivered these drugs to other members of the conspiracy who ultimately transported them to the Philadelphia area. Trial in this action is scheduled for May 12, 2008.

On December 10, 2007, Arakelyan filed evidentiary motions in this action. Specifically, a Motion in Limine to Preclude Reference to "Crystal" or "Ice" Methamphetamine at Trial, a Motion to Suppress Statements and Physical Evidence, and a Motion to Exclude Inadmissable Hearsay Statements. All three Motions were disposed of during a hearing in open court on April 18, 2008. Arakelyan also filed a Motion to Dismiss the Indictment on December 10, 2007. The motion requests dismissal pursuant to Fed. R. Crim. P. 48(b)(1) for inexcusable pre-indictment delay, and on the grounds of vindictive prosecution. Arakelyan believes the Government's action in filing the superseding indictment deprived him of his constitutional right to due process. This Court entertained oral argument on these Motions on April 18, 2008.

## II.   DISCUSSION

### A.   Motion to Dismiss the Indictment filed December 10, 2007

#### 1.   Prosecutorial vindictiveness

Arakelyan argues that the circumstances leading to the superseding indictment establish vindictiveness on the part of the Government. If vindictiveness is found in a prosecutor's action in regard to bringing charges against an accused in situations like the present one, the principles of due process require that the indictment be dismissed. See Blackledge v. Perry, 417 U.S. 21, 25-30 (1974). The burden of proving prosecutorial vindictiveness falls on the defendant. See United States v. Paramo, 998 F.2d 1212, 1220 (3d Cir. 1993).

Arakelyan can prove his claim in one of two ways. "First, [he] may use evidence of a prosecutor's retaliatory motive to prove actual vindictiveness." Id. "Second, in certain circumstances, [he] may show facts sufficient to give rise to a presumption of vindictiveness." Id. (citing United States v. Goodwin, 457 U.S. 368, 374 (1982)). Arakelyan argues that the facts of this case are sufficient to give rise to a presumption of vindictiveness. "The presumption of vindictiveness is a prophylactic rule designed to protect a defendant's due process rights where a danger exists that the government might re-litigate against him for exercising a legal right." Paramo, 998 F.2d at 1220 (citing United States v. Esposito, 968 F.2d 300, 303 (3d Cir. 1992)). "Because such a presumption may operate in the absence of any proof of an improper motive, courts will apply it only where there exists a realistic likelihood of vindictiveness." Paramo, 998 F.2d at 1220 (internal citation omitted). "Where the government's conduct is attributable to legitimate reasons, [the courts] will not apply a presumption of vindictiveness." Id.

There is no realistic likelihood of vindictiveness in the circumstances surrounding the Government's filing of the superseding indictment. Arakelyan contends that the Government only charged him in the superseding indictment because he exercised his right to a speedy trial in the case before Judge Brody, and because he declined the Government's request to cooperate. He believes that the Government's failure to file the superseding indictment during the eight month period between his original indictment and trial before Judge Brody shows vindictiveness. Arakelyan relies on Blackledge v. Perry to support his argument, but the situation in that case is hardly analogous. 417 U.S. 21, 27-29 (1974). In Blackledge, a due process violation was found where a prosecutor upped the ante by bringing a more serious charge against a defendant who exercised his statutory right of appeal on a prior conviction for a lesser offense. Id. at 28-29; see

also United States v. Esposito, 726 F. Supp. 991, 998 (D.N.J. 1989). The record before this Court does not suggest that by re-indicting Arakelyan on separate substantive offenses, that the Government has upped the ante. Arakelyan is merely being charged with additional offenses that he was not charged with initially. This action does not give rise to an inference of vindictiveness.

The Government has also given legitimate reasons for its conduct. The facts show that as early as one month after the conspiracy indictment against Arakelyan was filed, the Government informed all interested parties that it intended to file a superseding indictment that would have consolidated Arakelyan's action before Judge Brody with the larger action in this Court. The Government was rather slow in obtaining the superseding indictment, and when it attempted to withdraw the original indictment in the case before Judge Brody, its efforts were thwarted by the Judge's admonishment. Consequently, the Government proceeded to trial, and waited until the trial concluded before filing the superseding indictment. There is no evidence that Arakelyan was penalized for exercising his right to a speedy trial, as the Government tried the case on the date scheduled. Nor is there evidence that he was penalized for failing to cooperate since the superseding indictment charges him only with the substantive crimes associated with his action in the conspiracy. The Government has every right to charge him in this manner. See United States v. Felix, 503 U.S. 378, 390-91 (1992) (conspiracy to commit a crime and the crime itself are separate offenses; introduction of same evidence in case does not establish double jeopardy).

Arakelyan has not shown that he is entitled to a presumption of vindictiveness. The Third Circuit has said that "[w]here, however, the prosecutor has done nothing to deter the exercise of one's rights during the case or proceeding, and the prosecution has come to a natural end, no presumption of vindictiveness applies." Esposito, 968 F.2d at 303. As he is not entitled to a

5

presumption of vindictiveness, and has also not presented direct evidence of vindictiveness, his Motion to Dismiss the Indictment is denied in regard to his claim of prosecutorial vindictiveness.

### 2.     Inexcusable pre-indictment delay

Arakelyan also argues that the Government's delay in filing the superseding indictment violated the Due Process Clause and Federal Rule of Criminal Procedure 48(b)(1) in that it was an unreasonable and inexcusable delay. The factors considered with respect to both arguments are similar. To make out a claim under the Due Process Clause, Arakelyan must "show both (1) that the delay between the crime and the federal indictment actually prejudiced his defense; and (2) that the government deliberately delayed bringing the indictment in order to obtain an improper tactical advantage or to harass him." United States v. Beckett, 208 F.3d 140, 150-51 (3d Cir. 2000). Similarly, the text of Fed. R. Crim. P. 48(b)(1) states that "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . presenting a charge to a grand jury[.]"

Arakelyan fails to fulfill the requirements for pre-indictment delay. He contends that he has been prejudiced by the Government's actions in that he is being forced to endure another trial. He also claims that he is being denied finality in the action before Judge Brody because he must remain in pretrial detention status, and thus, is being denied all of the benefits he would receive as a sentenced inmate in the Federal Bureau of Prisons. He does not contend, however, that the Government's delay in bringing the superseding indictment has actually prejudiced his defense in this action in any manner. Since Arakelyan has not shown or even argued that his defense is prejudiced, this Court does not need to address the issue of whether the government deliberately delayed filing to gain an advantage or to harass him.

Regardless, Arakelayn has not established deliberate delay by the Government for improper advantage or harassment. Arakelyan only argues that the Government has no legitimate reason to pursue the charges in the superseding indictment, as it only reindicted him for the identical conduct for which he had already been found criminally responsible. This argument ignores the fact that the conspiracy is separate from the substantive crimes, and the Government has the right to bring those charges against Arakelyan. See Felix, 503 U.S. at 390-91. Arakelyan has not shown that the Government's delay was done for an improper purpose. Additionally, this Court notes that the Third Circuit has upheld the denial of a motion to dismiss for delay on the basis that the movant failed to demonstrate prosecutorial vindictiveness. See United States v. Sebetich, 776 F.2d 412, 430 (3d Cir. 1985). Therefore, because Arakelyan has not established either element of the Beckett test, nor has he established prosecutorial vindictiveness, his Motion to Dismiss the Indictment is denied in its entirety.

### B.     Motions decided on the record on April 18, 2008

"The doctrine of collateral estoppel precludes the relitigation of issues actually decided in former judicial proceedings." United States v. McNair, 439 F. Supp. 103, 107 (E.D. Pa. 1977). "Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law for at least 50 years." Id. (citing Ashe v. Swenson, 397 U.S. 436, 443 (1970)). "It is commonly recognized that three requirements must be satisfied before collateral estoppel applies: a) the issue decided in the prior litigation must be identical with the issue presented in the action in question; b) the prior litigation must have resulted in a final judgment on the merits; and c) the party against whom the estoppel is asserted must have been a party, or in privity with a party, to the prior adjudication." McNair, 439 F. Supp. at 107.

Three evidentiary motions were argued in the criminal action before Judge Brody. After a motions hearing, the judge denied in open court Arakelyan's motion to suppress statements and physical evidence, and granted his motion in limine to preclude reference to "crystal" or "ICE" methamphetamine. Judge Brody also granted a motion to admit tape recordings filed by the Government. The three evidentiary Motions Arakelyan filed in the present action address the same issues that were adjudicated by Judge Brody. Arakelayn's Motion in Limine to Preclude Reference to "Crystal" or Ice" Methamphetamine at Trial and his Motion to Suppress Statements and Physical Evidence are mirror images of the motions he filed in the conspiracy action, and his Motion in Limine to Exclude Inadmissable Hearsay Statements involves the exact same issue as the Government's motion to admit tape recordings in the prior conspiracy action. Therefore, the first element of the collateral estoppel test has been met. Additionally, the trial before Judge Brody resulted in a guilty verdict against Arakelyan for conspiracy, which establishes the other two elements of the test. Thus, this Court found that Arakelyan was precluded from re-litigating these evidentiary issues before a different judge as determinations had already been made on the issues by Judge Brody, whose findings this Court adopted. Thus, Arakelyan's Motion in Limine to Exclude Inadmissable Hearsay Statements and the Motion to Suppress Statements and Physical Evidence were denied, and the Motion in Limine to Preclude Reference to "Crystal" or Ice" Methamphetamine at Trial was granted.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 06-226-04 |
| | : | |
| LEVON ARAKELYAN, | : | |

### ORDER

**AND NOW**, this 25th day of April, 2008, upon consideration of Defendant Levon Arakelyan's Motion to Dismiss the Indictment (Doc. No. 218), it is hereby **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE